UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:14-CV-110-FDW-DSC

| | |
|---|---|
| MICHEAL R. DUNKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MARSHALL AIR SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Marshall Air Systems, Inc.'s ("Defendant") Partial Motion to Dismiss, (Doc. No. 8), Plaintiff Micheal R. Dunkin's ("Plaintiff") First and Third Causes of Action for Wrongful Termination and Intentional Infliction of Emotional Distress, (Doc. No. 1), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After reviewing the Complaint (Doc. No. 1), Defendant's Motion and Memorandum in Support (Docs. Nos. 8, 9), Plaintiff's Response in Opposition (Doc. No. 10), and Defendant's Reply (Doc. No. 11), the Court GRANTS Defendant's Motion.

## I. BACKGROUND

Plaintiff filed his Complaint on March 12, 2014, alleging causes of action for (1) Wrongful Discharge in violation of North Carolina public policy, (2) conduct in violation of the Family and Medical Leave Act ("FMLA"), and (3) Intentional Infliction of Emotional Distress. (Doc. No. 1). Plaintiff contends Defendant wrongfully discharged Plaintiff from his at-will employment position as Chief Pilot after learning of Plaintiff's wife's cancer diagnosis, that the discharge caused Plaintiff severe emotional distress, and that the termination was in direct

violation of the Family and Medical Leave Act and North Carolina public policy set forth in the North Carolina Retaliatory Discrimination in Employment Act ("REDA"), N.C. Gen. Stat. § 95-241, and the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. § 143-422.2.  According to Plaintiff's Complaint Defendant harassed Plaintiff with frequent phone calls to his home, forced Plaintiff to take FMLA leave, advertised Plaintiff's position as available after the forced leave, and filled the position prior to the expiration of Plaintiff's leave period effectively terminating Plaintiff.  (Doc. No. 1).

On August 6, 2014, Defendant filed a Partial Motion to Dismiss, requesting the Court dismiss Plaintiff's First Claim for Wrongful Discharge and Third Claim for Intentional Infliction of Emotional Distress pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 8).

## II.  STANDARD OF REVIEW

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

**III. ANALYSIS**

Defendant's Motion raises two issues: (1) whether Plaintiff may properly rely on REDA, the NCEEPA, or the FMLA as a basis for his wrongful discharge claim; and (2) whether Defendant's alleged behavior amounts to extreme and outrageous conduct. (Doc. No. 9).

**A. Wrongful Discharge Claim**

Plaintiff does not oppose the dismissal of his wrongful discharge claim based on REDA. (Doc. No. 10). Accordingly, Defendant's Motion to Dismiss Plaintiff's wrongful discharge claim based on the REDA statute is GRANTED. The Court now turns to Plaintiff's wrongful discharge claim that relies on the NCEEPA and the FMLA.

As a general rule in North Carolina, an employee at-will has no claim for wrongful discharge because the at-will employment relationship is "presumed to be terminable at the will of either party without regard to the quality of performance of either party." Kranz v. Hendrick Auto. Grp, Inc., 196 N.C. App. 160, 162 (2009) (citations omitted); see also Tompkins v. Allen, 107 N.C. App. 620, 622 (1996). North Carolina Courts recognize an exception to the rule however, that allows an at-will employee to bring a wrongful termination action against an employer if the termination was for an unlawful reason or for a purpose that contravenes public policy. Coman v. Thomas Mfg. Co., 325 N.C. 172, 175 (1989) (quoting Sides v. Duke Univ., 74 N.C. App. 331 (1985)) (quotation marks omitted). Since its creation, the judicially created exception has "been narrowly eroded by statutory and public policy limitations on its scope," Percell v. Int'l Bus. Mach., Inc., 765 F. Supp. 297 (1991) (citing Burgess v. Your House of Raleigh, 326 N.C. 205, 210 (1990)); see also Harrison v. Edison Bros. Apparel Stores, Inc., 924 F.2d 530, 533 (4th Cir. 1991), restricting the application of the exception to cases where the

plaintiff can "identify a specific North Carolina public policy expressly stated within the N.C. Constitution or General Statutes that was violated by the employer." McDonnell v. Guilford Cnty. Tradewind Airlines, Inc., 194 N.C. App. 674, 677 (2009) (quoting Salter v. E & J Healthcare, Inc., 155 N.C. App. 685, 693, 694 (2003)) (internal quotation marks omitted).

To support his wrongful discharge claim, Plaintiff alleges that he, as an at-will employee, was terminated based on [his] association with his seriously ill wife in direct violation of the public policy set forth in the NCEEPA. Plaintiff contends the statute expressly prohibits discrimination based on a family member's handicap. While the Court agrees that the NCEEPA has been recognized as a statement of North Carolina public policy upon which a wrongful discharge claim can be based, see Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000), any such claim is limited to the protected classifications expressly enumerated. Kranz, 196 N.C. App. at 162 ("The public policy exception . . . is confined to the express statements contained within our General Statutes or our Constitution.") The NCEEPA does not list "family and medical leave" as a protected classification, and while the NCEEPA clearly provides protection against disability discrimination for employees with a disability, it does not do so for family members with disabilities. See N.C. Gen. Stat. § 143-422.2.

Plaintiff also argues that the FMLA's public policy is a valid basis for his wrongful discharge claim, however, courts have consistently held that violations of the FMLA alone do not create a public policy exception to at-will employment under North Carolina law. See Satterwhite v. Wal-Mart Stores East, LP, No. 5:11-CV-363, 2012 WL 255347, * 3-4 (E.D.N.C. Jan. 26, 2012); Herndon v. TIAA-CREF, 654 F.Supp. 2d 400, 402 (W.D.N.C. 2009); Brewer v. Jefferson-Pilot Std. Life Ins. Co., 333 F. Supp. 2d 433, 438-39 (M.D.N.C. 2004); Schulze v. Meritor Auto., 163 F.Supp.2d 599, 612-14 (W.D.N.C. 2000).

4

The Parties have not identified, and the Court has not located, any North Carolina case holding that an alleged discharge of an employee, despite a valid leave under the FMLA, is in contravention to public policy. Without express guidance from the North Carolina courts or legislature, the Court declines to expand the public policy exception of the at-will employment doctrine to cover alleged FMLA violations. Accordingly, Defendant's Motion is GRANTED, and Defendant's Wrongful Discharge Claim is DISMISSED.

**B. Intentional Infliction of Emotional Distress Claim**

In the context of employment discrimination claims, North Carolina courts have been reluctant to find actionable intentional infliction of emotional distress claims. Bendross v. Town of Huntersville, 159 N.C. App. 228, *4-5 (July 15, 2003); Guthrie v. Conroy, 152 N.C. App. 15 (2002); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 544 (E.D.N.C. 2008); Efird v. Riley, 342 F. Supp. 2d 413, 427 (M.D.N.C. 2004); Thomas v. N. Telecom, Inc., 157 F. Supp. 2d 627, 635 (M.D.N.C. 2000). To meet the "extreme and outrageous" requirement, Plaintiff must allege conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 493 (1986).

Plaintiff's IIED claim is deficient because the conduct alleged on the part of Defendant is not extreme and outrageous as a matter of law. Placing or "forcing" an employee to take leave, even if coupled with alleged harassment through frequent phone calls, simply does not constitute extreme and outrageous conduct under North Carolina law. Faulkner v. Tyco Elec. Corp., 552 F. Supp. 2d. 546, 558 (M.D.N.C. 2000) ("Termination allegedly in violation of federal law alone does not necessarily constitute extreme and outrageous behavior.") Plaintiff alleges facts that are commonplace in employment discrimination lawsuits, but rarely are sufficient to give rise to an

actionable IIED claim. See Guthrie v. Conroy, 152 N.C. App. 15 (2002) (defendant holding plaintiff from behind and touching and rubbing her neck and shoulders, placing lampshade on her head, throwing potting soil and water on her, and commenting that he had "always wanted to see [her] in a wet t-shirt" not extreme and outrageous); Bendross v. Town of Huntersville, 159 N.C. App. 228, *4-5 (July 15, 2003) (defendant strained working relations with supervisors, subjected plaintiff to three internal investigations, disciplinary action, and slammed chair against wall during conference with plaintiff not extreme and outrageous); Ortiz v. Big Bear Events, LLC, No. 3:12-CV-341, 2013 WL 247444, *4-5 (W.D.N.C. Jan 22, 2013) (inappropriate touching, offensive comments, exposure to pornography and retaliation for seeking legal advice was abhorrent . . . but was not "so extreme in degree . . . to be regarded as atrocious, and utterly intolerable in a civilized community"). Plaintiff's allegations do not rise to the level of extreme and outrageous conduct sufficient to state a claim for intentional infliction of emotional distress. Therefore, Defendant's Motion to Dismiss Plaintiff's Third Cause of Action for intentional infliction of emotional distress is GRANTED.

## IV. CONCLUSION

THEREFORE, Defendant's Partial Motion to Dismiss, (Doc. No. 8), is GRANTED and Plaintiff's First and Third Causes of Action for Wrongful Discharge and Intentional Infliction of Emotional Distress are DISMISSED.

IT IS SO ORDERED.

Signed: September 5, 2014

Frank D. Whitney
Chief United States District Judge